UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHRISTOPHER SIMMONS,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**T-MOBILE USA, INC.,**<br><br>       **Defendant.** | Case Number  H-06-1820<br><br>Hon. Nancy F. Atlas |

**DEFENDANT'S MOTION TO STRIKE NEW EVIDENCE,
OR IN THE ALTERNATIVE,  UNOPPOSED MOTION FOR LEAVE TO FILE
SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
<u>PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION</u>**

Defendant T-Mobile USA, Inc. ("T-Mobile") files this Motion to Strike New Evidence, or in the Alternative, Motion for Leave to file Sur-Reply to Plaintiff's Reply to Defendant Response to Plaintiff's Motion for Condition Certification ("Motion"). Regarding the Motion to File Sur-Reply, this Motion is unopposed and both Parties have agreed to a filing date of December 11, 2006.  The basis for T-Mobile's Motion is set forth below:

**I.**

On August 22, 2006, Plaintiff filed its Motion for Conditional Certification of the Representative Class ("Motion for Conditional Certification").  Attached to that Motion for Conditional Certification is one affidavit, the Affidavit of  Plaintiff Christopher Simmons.  On October 25, 2006, Defendants filed its Opposition to Plaintiff's Motion for Conditional Certification ("Opposition Motion"). On November 16, 2006 Defendant received its copy from Plaintiff of Plaintiff's Reply to Defendant's Opposition Motion ("Reply").   Along with

Plaintiff's Reply, Plaintiff attached 10 affidavits, one of which was a new affidavit of Plaintiff, and he did so without leave of the Court to add this new evidence. Defendant respectfully requests that this Court strike the new evidence submitted by Plaintiff as this submission is untimely and thwarts both this Court's ability to resolve the matter of Plaintiff's Motion for Conditional Certification quickly. Moreover, the addition of this new evidence is improper. In the alternative, if the Court does not strike Plaintiff's improperly added evidence, both Parties agree to allow Defendant leave from the Court until December 11, 2006 to file its sur-reply so that it may have the opportunity to properly address Plaintiff's newly-submitted evidence.

**II.**

A movant should not be permitted to cure by way of a reply what is in fact a defective motion.[1] Moreover, a party may not introduce new evidence at the reply stage of a motion proceeding without leave of court.[2] In his Reply, Plaintiff submits new evidence that is not responsive to any new argument proffered in Defendant's response. Rather, the submission of 10 new affidavits, one of which is an affidavit from the Plaintiff that differs substantially from the affidavit he submitted with his original motion, is used merely as a way to offer new evidence in support of old arguments. For example, in Plaintiff's new affidavit, he elaborates on facts that were included in his first affidavit. However, a side by side comparison shows that

---

[1] *Springs Indus., Inc. v. Am. Motorists Ins. Co.,* 137 F.R.D. 238, 240 (N.D. Tex. 1991) ("because [Plaintiffs] have in effect used their reply brief to supplement their motion and to add a new basis for vacatur, the court concludes that the new argument and supporting evidence should be stricken").

[2] *Frosty Bites, Inc. v. Dippin' Dots, Inc.,* No. 3-01-CV-1532, 2002 U.S. Dist. LEXIS 4167 at *1, *5 (N.D. Tex. 2002, writ denied) (citing *Tovar v. United States,* 2000 U.S. Dist. LEXIS 5044, at *4, n. 8 (N.D. Tex. Apr. 18, 2000), *aff'd,* 244 F.3d 135 (5th Cir. 2000) (n. 8 states: "The court has not considered for any purpose the government's March 17, 2000 appendix in support of its reply brief. Absent leave of court, this pleading is improper.")

such elaboration is in reality a presentation of brand new evidence.[3]

Moreover, Plaintiff submits an additional 9 affidavits with his Reply, all of which present new testimony related to facts not previously disclosed in Plaintiff's Motion for Conditional Certification or in Defendant's Opposition Motion.[4] The sheer volume of the new evidence submitted by Plaintiff suggests that Plaintiff was either careless or unprepared to file his initial Motion for Conditional Certification. Included among those affidavits is testimony from private investigators utilized by Plaintiff's counsel, which could have been gathered at any time prior to Plaintiff's filing of its Motion for Conditional Certification. Had Plaintiff submitted such evidence in their original motion, Defendant would have had time to address the evidence. Instead, Plaintiff decided to begin gathering evidence after Defendant had submitted its Response. Not only is such behavior rejected by Texas courts, but it is prejudicial to Defendant.[5]

As a matter of fundamental fairness, Plaintiff should not be entitled to submit any evidence to which Defendant does not have a fair opportunity to respond. Accordingly, if the Court elects not to strike Plaintiff's evidentiary submission, Defendant requests that it be allowed to file a sur-reply to address the newly-submitted evidence. The purpose of a reply is to offer

---

[3] *See* Appendices to Plaintiff's Motion for Conditional Certification and Appendix in Support of Plaintiff's Reply to Defendant's Response to Motion for Conditional Certification, Exhibit 2. By way of example, Plaintiff states in his first affidavit he was given a "written job description." Presumably, he realized after reading Defendant's Opposition that this was untrue, and drafted a new Declaration that stated he received an "SRSR promotion sheet." As another example, in Plaintiff's first affidavit he stated that "all sales representatives are required to do at least two (2) sales outreaches per month whether or not this can occur on scheduled work time." In Plaintiff's second affidavit, he clarifies and adds new evidence by stating "Retail Store Manager Rolanda Long ("Long") required attendance of two (2) outreaches per month. I frequently attended sales outreaches on the days that I was scheduled off. I usually had to go to the store to pick up products before heading to the location of the outreach. These products were often given to me by Long for my use at the outreach." This quote alone illustrates that his affidavit constitutes new evidence not previously submitted.

[4] *See* Appendix in Support of Plaintiff's Reply to Defendant's Response to Motion for Conditional Certification, Exhibits 20-24, and 26-29.

[5] *See Frosty Bites, Inc.*, 2002 U.S. Dist. LEXIS at *5; *Tovar,* 2002 U.S. Dist. LEXIS 4167 at *4.

counterarguments to issues raised in Defendant's response, and not belatedly to offer evidence to which Defendant cannot respond.  Moreover, considering the sheer volume of new evidence submitted in Plaintiff's Reply, and in light of the upcoming Thanksgiving holiday, Defendant requests and Plaintiff is unopposed to permitting Defendant until December 11, 2006 to file its sur-reply.

### III.

For all the foregoing reasons, Defendant respectfully requests that the Court strike Plaintiff's evidentiary submission in support of its Reply.  In the alternative, Defendant respectfully requests leave of the Court until December 11 to file a sur-reply in Opposition to the Motion for Collective Action Certification, and requests that the Court grant Defendant such other and further relief to which it is justly entitled.

| | |
|---|---|
| Dated: November 21, 2006 | By:  *s/Ann Marie Painter* <br> Ronald E. Manthey <br> Attorney-in-Charge <br> Texas Bar No. 12927400 <br> Ann Marie Painter <br> Texas Bar No. 00784715 <br> Eva M. Wallace <br> Texas Bar No. 54051485 <br> BAKER & MCKENZIE LLP <br> 2300 Trammell Crow Center <br> 2001 Ross Avenue <br> Dallas, Texas  75201 <br> Telephone:  (214) 978-3000 <br> Facsimile:  (214) 978-3099 |
| | OF COUNSEL: <br> James Severson <br> Sejel Mistry <br> Bryan E. Daley <br> BINGHAM MCCUTCHEN LLP <br> Three Embarcadero Center <br> San Francisco, CA 94111 <br> Telephone:  (415) 393-2000 <br> Facsimile:  (415) 393-2286 |

**CERTIFICATE OF CONFERENCE**

On November 21, 2006, counsel for Defendant T-Mobile USA, Inc. conferred with counsel for Plaintiff Christopher Simmons regarding the substance of Defendant's Motion to Strike New Evidence, or in the Alternative, Motion for Leave to File Sur-Reply and counsel for Plaintiff advised that it opposed the Motion to Strike New Evidence, did not oppose the Motion to File Sur-Reply, and did not oppose December 11th as the requested deadline to file the sur-reply.

*s/Ann Marie Painter*

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via facsimile on this 21st day of November 2006, as follows:

    Mark Siurek
    Patricia Haylon
    WARREN & SIUREK, LLP
    3355 West Alabama, Suite 1010
    Houston, Texas 77098

    *s/Ann Marie Painter*

DALDMS/593515.1