IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SIMMONS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1820 |
| | § | |
| T-MOBILE USA, INC., | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant T-Mobile USA, Inc.'s ("T-Mobile") Motion to Strike New Evidence, or in the Alternative, Unopposed Motion for Leave to File Surreply to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Conditional Certification [Doc. # 34]. Plaintiff filed a Motion for Conditional Certification [Doc. # 14], to which Defendant responded [Doc. # 21]. Plaintiff's Reply [Doc. # 31] includes several affidavits, which Defendant contends are new evidence submitted without leave of the Court. Defendant asks that these affidavits be stricken, or, in the alternative, that it be permitted to file a surreply.

T-Mobile focuses its argument on affidavits filed by Christopher Simmons. As an example of the "new evidence" it wants stricken, T-Mobile contrasts Simmons' statement in his first affidavit that he received a "written job description" with his statement in the Reply's affidavit that what he was given was an "SRSR promotion sheet." Moreover, the original affidavit explains that Simmons was required to attend "sales outreach" events. The new affidavit, according to T-Mobile, contains new evidence in that it adds details—for

example, that Simmons "frequently attended sales outreaches" on days he was not scheduled for work—to the general description of his duties set out in his first affidavit.

In support of their argument that the Reply's affidavit should be stricken, T-Mobile cites *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238 (N.D. Tex. 1991). In that case, however, Judge Fitzwater held that "where a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them."[1] *Id*. at 240. Although the Court of Appeals has not squarely addressed this issue, it has held in the analogous context of a summary judgment motion that district courts may consider a reply brief's new arguments and evidence so long as the non-movant is given an adequate opportunity to respond. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481-482 (6th Cir. 2003); *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Because full and complete briefing is useful to the adjudication of this case, the Court will consider the Reply and its attached affidavits. T-Mobile's alternative and unopposed request for leave to file a surreply will allow it to address what it characterizes as Simmons's new evidence. It is therefore

---

[1] The language Defendant attributes to this case ("because [Plaintiffs] have in effect used their reply brief to supplement their motion and to add a new basis for vacatur, the court concludes that the new argument and supporting evidence should be stricken") does not appear in *Springs Indus*. Defendant apparently intended to cite *Weber v. Merrill Lynch Pierce Fenner & Smith*, 2006 WL 2583183 (N.D. Tex. Sept. 1, 2006). In that case, Judge Fitzwater again recognized the trial court's discretion to consider evidence newly presented in a reply brief. "[T]he court *can* decline to consider an argument raised for first time in a reply brief." *Id*. (emphasis added).

**ORDERED** that Defendant T-Mobile USA, Inc.'s Unopposed Motion for Leave to File Surreply to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Conditional Certification [Doc. # 34] is **GRANTED**.  Pursuant to the Motion, Defendant may file a surreply on or before **December 11, 2006**.

SIGNED at Houston, Texas this **22nd** day of **November, 2006**.

                                                                               _____
                                                                               Nancy F. Atlas
                                                                               United States District Judge